# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBRA SUTTON**
     **Plaintiff,**

   v.                                         Case No. 05-C-1245

**JO ANNE B. BARNHART,**
**Commissioner of the Social Security Administration**
     **Defendant.**

## DECISION AND ORDER

In this social security appeal, I reversed the decision of the ALJ denying plaintiff's application for benefits and remanded the case for further proceedings. (Decision and Order [R. 8] at 30.) Plaintiff now moves for an award of costs and attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

### I. EAJA

The EAJA provides that a litigant in a civil suit against the federal government is entitled to recover her attorney's fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there are no "special circumstances" that would make an award unjust; and 4) she filed a timely application for fees with the district court. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). Because I reversed and remanded the ALJ's decision under sentence four of 42 U.S.C. § 405(g), plaintiff was the prevailing party in the present case. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Raines v. Shalala, 44 F.3d 1355, 1362 (7th Cir. 1995). Plaintiff's application is timely, and defendant does not argue that her position was substantially

justified or that special circumstances make an award unjust. See Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006) (noting that the Commissioner bears the burden of showing that the government's position was substantially justified); Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004) (noting that it is the Commissioner's burden to demonstrate special circumstances). Therefore, plaintiff is entitled to a fee award.

## II.  REASONABLENESS OF REQUEST

Once the court has decided that an award is appropriate, it must determine whether the amount sought is reasonable. In determining whether a fee request is reasonable, the court examines both the rate and the number of hours requested. Henderson v. Barnhart, 257 F. Supp. 2d 1163, 1169 (E.D. Wis. 2002).

The EAJA allows for an award of "reasonable attorney fees . . . based upon prevailing market rates for the kind and the quality of the services furnished" not to exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The plaintiff must demonstrate the prevailing market rate and, if one is requested, show that a cost of living increase is warranted. See Hanrahan v. Shalala, 831 F. Supp. 1440, 1450 (E.D. Wis. 1993).

The plaintiff also bears the burden of showing that the number hours expended on the litigation was reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The court evaluates the reasonableness of the total fee request in light of twelve factors set forth in Hensley:

> (1) the time and labor required; (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly; (4) the preclusion
> of employment by the attorney due to acceptance of the case; (5) the

2

customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Henderson, 257 F. Supp. 2d at 1169 (quoting Hensley, 461 U.S. at 430 n.3).

In the present case, plaintiff seeks an hourly rate of $157.76 for attorney work performed in 2005 and $158.75 for work performed in 2006. She justifies the increase from the maximum EAJA rate by referencing the cost of living increase documented in the Consumer Price Index ("CPI"). Plaintiff further seeks compensation for law clerk and paralegal time at an hourly rate of $100, which she contends is reasonable based on awards in similar cases. Using these rates, she requests a total award of $8609.46, based on 4.4 hours of attorney time in 2005 and 15.75 hours in 2006, and 54.15 hours of law clerk time. Finally, plaintiff seeks reimbursement of the $250 filing fee.[1]

Defendant does not contest the requested hourly rates for counsel. Use of the CPI to demonstrate cost of living increases has been accepted in this district, Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004), and plaintiff's requested rates appear to be reasonable. Therefore, I will accept them. However, defendant does argue that the total amount of the request is excessive, that the requested hourly rate for paralegal/law clerk time should be reduced, and that I should deduct paralegal time spent on clerical tasks. I address each contention in turn.

**A.   Amount of Request**

Defendant contends that an $8600 request in a routine case, in which the issues

---

[1]Adding the time spent on the EAJA reply brief, the final request is for $11,336.39.

3

raised were substantially the same as those previously briefed before the Appeals Council, is excessive. Defendant further argues that an ostensibly inexperienced law student spent an excessive amount of time – 38.5 hours – preparing a draft of the initial brief, and that the government should not have to subsidize his training. Defendant asks that I essentially cut the request in half.

I find that some reduction in the request is necessary, though not so much as defendant suggests. The time spent by plaintiff's representatives (about 75 hours) exceeds typical awards in this district and circuit, see, e.g., Lechner, 330 F. Supp. 2d at 1011 (awarding fees based on 40.9 hours of work and citing other awards based on 61.1, 61.05, 38.5, 53.6, 54.2, 66.95, 53.5, 56.2 and 56.3 hours),[2] and nothing about the case suggests that quite that much time was required.[3]

Unlike several cases in which I have made sizeable awards, in the present case counsel represented plaintiff at the administrative level and thus did not have to start from scratch in the district court. See, e.g., Wirth, 325 F. Supp. 2d at 915 (noting that "because counsel did not represent plaintiff below, he was required to familiarize himself with the

---

[2] Citing older cases from other circuits, defendant contends that the benchmark is 20 to 40 hours. In my experience, lawyers in this circuit spend more time than that, generally 40 to 60 hours. See Lechner, 330 F. Supp. 2d at 1011. Other judges in this circuit agree and have rejected the Commissioner's 20 to 40 hour benchmark. See, e.g., Embry v. Barnhart, No. 02-C-3831, 2003 U.S. Dist. LEXIS 19473, at *11-12 (N.D. Ill. Oct. 31, 2003).

[3] Plaintiff argues that consistency of awards is not required, but courts have long engaged in such comparisons in judging fee awards, see, e.g., Harman v. Lyphomed, Inc., 945 F.2d 969, 974 (7th Cir. 1991) ("'Reasonable' implies that the judge may reduce the hours if the number requested appears excessive compared to other cases or in light of the work."), and Hensley specifically cites awards in similar cases as one of the relevant factors. I do not require absolute parity of awards; however, such comparisons are an important factor in evaluating the specifics of the instant request.

4

case from scratch"); Harris v. Barnhart, 259 F. Supp. 2d 775, 783 (E.D. Wis. 2003) ("Counsel did not represent plaintiff at the administrative level, so he was required to review and spot issues in an unfamiliar record."); Henderson, 257 F. Supp. 2d at 1170 ("It is important to note that counsel did not represent plaintiff at the administrative level, and thus had to familiarize herself with the case from scratch."). It is true that counsel did not appear on plaintiff's behalf at the hearing before the ALJ but, more importantly, he did represent her before the Appeals Council, filing a ten-page single spaced memorandum. (Tr. at 468-77.) Preparation of this memorandum required counsel to familiarize himself with the record and the issues, making substantial additional time spent in this court unnecessary.

Further, many of the issues raised before me were the same as those raised before the Appeals Council. In her memorandum to the Council, plaintif argued that the ALJ (1) disregarded favorable evidence, ignored her diagnosis of fibromyalgia and her obesity, and played doctor; (2) failed to properly evaluate her mental impairment and factor it into the RFC; (3) failed to follow SSR 96-7p in evaluating credibility; and (4) incorrectly found that she could perform her past work. (Tr. at 469.) In her main brief in this court, plaintiff argued that (1) the ALJ disregarded favorable evidence by ignoring plaintiff's fibromyalgia and obesity, and playing doctor (R. 8 at 13); (2) failed to consider how obesity complicated her medical problems (R. 8 at 18); (3) failed to properly evaluate her mental impairments and incorporate them into the RFC (R. 8 at 20); (4) failed to properly weigh the medical evidence (R. 8 at 21); (5) improperly assessed her credibility (R. 8 at 23); (6) propounded an incomplete hypothetical to the VE (R. 8 at 26); and (7) wrongly found that she could perform her past work (R. 8 at 29). Although the list of issues was expanded somewhat

5

in this court, the briefs covered basically the same ground. In fact, in my decision I condensed the arguments to four. (R. 18 at 18.) Courts have held that such repetition of arguments justifies a reduction. See, e.g., Berger v. Barnhart, No. 03-C-463, 2004 U.S. Dist. LEXIS 19077, at *3-4 (W.D. Wis. Sept. 22, 2004) (reducing fees based on repetition of issues previously briefed before the Council).[4]

Moreover, the case was not all that complex. The issues counsel raised are relatively standard fare in social security cases. And, none of the specific arguments plaintiff made were particularly sophisticated. Finally, the representation consisted almost entirely of filing two briefs; counsel did not perform additional work such as filing objections to a magistrate judge's recommendation or notices of supplemental authority, or participate in oral argument. Cf. Henderson, 257 F. Supp. 2d at 1170 ("Counsel also drafted detailed objections to the magistrate's recommendation, which did not simply repeat her earlier briefs."). Therefore, I find that a reduction is warranted.

Turning to the specifics of the request, I find that the time spent by law clerk Benjeman Nichols on the main brief – nearly 40 hours – was excessive under the circumstances. Defendant contends that Nichols appeared to be inexperienced; in her EAJA reply, plaintiff defends Nichols's qualifications. This issue before me is not Nichols's

---

[4]Plaintiff notes that if the issues had changed, the Commissioner might have argued waiver. She misses the point. I do not fault plaintiff for raising the same issues; I merely note the overlap as a factor in assessing the reasonableness of the fee request. Plaintiff also notes that several of the issues were substantially re-worked in this court. That may be the case, but the important point for present purposes is that the issues had already been identified from the record, obviating the need for substantial additional time in this court. If the briefs had been identical, a reasonable fee request would be quite small. I do consider the degree to which the arguments were re-worked in determining the appropriate size of the reduction.

6

abilities in general but rather his work in the present case. On my review, the quality of the main brief was not indicative of the amount of time spent.[5] Although counsel requested and received permission to file an oversized brief, the issues could have been presented in a standard sized brief with proper editing.[6] Plaintiff presented as seven issues what actually boiled down to four, requiring the court to spend additional time sorting through the brief. I also found that plaintiff's briefs contained several obvious errors, including repeated misstatement of the ME's testimony on a critical issue (R. 18 at 24-25, 29 n.27), citation of unpublished Seventh Circuit decisions (R. 18 at 30 n.28), and (in the reply brief) calling plaintiff's therapist (not an "acceptable medical source" in social security lingo) a doctor (R. 18 at 25 n.23). See McDannel v. Apfel, 78 F. Supp. 2d 944, 949 (S.D. Iowa 1999) ("The quality of counsel's work can be considered by the Court in determining a reasonable fee.").

For all of these reasons, a reduction is appropriate. The court "may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a 'concise but clear explanation.'" Smith v. Great American Restaurants, Inc., 969 F.2d 430, 439 (7th Cir.

---

[5] Plaintiff notes that the use of law clerks, who bill at a lower rate, can save money. However, savings are not realized when the law clerk or paralegal spends substantially more time than a lawyer would. See, e.g., Palmer v. Barnhart, 227 F. Supp. 2d 975, 979 (N.D. Ill. 2002) (cutting law clerk hours in half where "it would have been far more efficient for [counsel] to spend a bit more time and simply write the district court brief himself"); DiGennaro v. Bowen, 666 F. Supp. 426, 434 (E.D.N.Y. 1987) ("While the quality of the work and the degree of effort expended are commendable and impressive for law students, extra time due to inexperience or lack of familiarity with the law and the particular factual patterns presented by Social Security cases cannot be compensated under this statute.") (internal quote marks omitted).

[6] In retrospect, I probably should not have granted the request and instead required that the brief be edited.

7

1992) (quoting Tomazzoli v. Sheedy, 804 F.2d 93, 97 (7th Cir.1986)); see also Heiar v. Crawford County, 746 F.2d 1190, 1204 (7th Cir. 1984) (stating that the court the court must do more than "eyeball the request and if it seems excessive cut it down by an arbitrary percentage").

Under the circumstances, because the inefficiency seemed to lie primarily in preparation of the main brief, I find it reasonable to cut the number of hours spent by law clerk Nichols from 38.85 to 25. I base this on the quality of the brief and the substantial overlap with the Appeals Council memorandum. In a case in which much of the analysis was already completed, a total of 33.5 hours (25 by Nichols, 5.75 by Attorney Daley and 2.75 by law clerk Suzanne Blaz) on the main brief is more than reasonable. This correlates to about one hour per page, consistent with the time spent on the reply brief.[7]

I see nothing unreasonable in the amount of time spent by Attorney Daley on the briefs (5.75 hours on the main brief and 7 hours on the reply), or in the time spent by law clerk Blaz (2.75 hours on the main brief and 9.9 hours on the reply brief). The reply brief was sixteen pages and did not simply repeat arguments previously raised. Thus, a total of 16.9 hours for the reply brief is reasonable. See, e.g., Wirth, 318 F. Supp. 2d at 916 (finding 13.2 hours on reply brief reasonable); Samuel v. Barnhart, 316 F. Supp. 2d 768, 782 (E.D. Wis. 2004) (stating that 9.7 hours by law clerk and 8.05 hours by attorney on

---

[7]This 36% reduction also corresponds to the amount of totally "new" material in plaintiff's main brief (pages 1-12 of the 33-page brief). A review of Nichols's supporting affidavit shows that he spent 15.4 hours reviewing the record and writing these introductory sections. He then spent a few hours conferring with Blaz and Daley, 13.3 hours writing the argument section, and, finally, 7.9 hours editing and expanding the brief after it had been read by Daley and Blaz. (R. 24-7.) Given the work previously done and the quality of the final product, the 13.3 hours was excessive and the 7.9 hours not well-spent.

8

reply brief seemed to be reasonable).

**B.    Law Clerk/Paralegal Rate**

Defendant asks that the law clerk rate be reduced from $100 to $85 per hour. In Samuel, a case also involving Attorney Daley and Ms. Blaz, after conducting a review of the relevant case law in this circuit, I concluded that $85/hour was a reasonable rate for paralegal and law clerk work. 316 F. Supp. 2d at 780-83. Plaintiff notes that in two recent cases from the Western District of Wisconsin involving his firm the court adopted a $100/hour rate. Smith v. Barnhart, No. 05-C-0026, 2006 U.S. Dist. LEXIS 61078, at *17-18 (W.D. Wis. Aug. 23, 2006); Seamon v. Barnhart, No. 05-C-0013, 2006 U.S. Dist. LEXIS 6945, at *18 (W.D. Wis. Feb. 23, 2006). However, in neither case did the Commissioner contest this rate. Therefore, the court engaged in no analysis of its reasonableness.

Only a few post-Samuel cases within this circuit have addressed paralegal fees. In addition to Smith and Seamon, Judge Crabb also accepted without objection a $100/hour rate in Groskreutz v. Barnhart, 02-C-454, 2005 U.S. Dist. LEXIS 4340, at *3 (W.D. Wis. Feb. 28, 2005). In Nickola v. Barnhart, 03-C-622, 2004 U.S. Dist. LEXIS 23816, at *3 (W.D. Wis. Nov. 24, 2004), Judge Crabb awarded $95/hour without objection. Conversely, in Porter v. Barnhart, No. 04 C 6009, 2006 U.S. Dist. LEXIS 44882, at *11-12 (N.D. Ill. June 19, 2006), Judge Coar recently rejected the requested rate of $95/hour in favor of $80/hour. Finally, in Taylor v. Barnhart, No. 00 C 3556, 2004 U.S. Dist. LEXIS 8689, at *7 (N.D. Ill. May 14, 2004), Judge Anderson adopted the unopposed rate of $75/hour.

I decided Samuel two years and one-half years ago. I now conclude that it is reasonable, based on the increase in the cost of living since that time, to award a rate of $95/hour. Therefore, I will award fees for paralegal and law clerk time at that rate.

9

**C.     Reduction for Time Spent on Clerical Tasks**

Finally, defendant points out that Ms. Blaz spent time on September 22, October 27 and December 20, 2005, performing clerical tasks such as sending forms, faxing an extension request and dealing with service of summons. Courts have regularly held that time spent performing such tasks should not be billed at the paralegal rate. E.g., Smith, 2006 U.S. Dist. LEXIS 61078, at *22 (deducting 0.75 hour spent mailing forms to the plaintiff; 0.25 hour preparing and sending proof of service to the court; 0.1 hour returning a phone call to the United States Attorney's office; and 0.25 hour e-filing a document); Groskreutz, 2005 U.S. Dist. LEXIS 4340, at *4 ("I am reducing the fee petition by $ 90, which reflects the time spent by the paralegal to serve and file the summons and complaint.");[8] see also Pecha v. Barnhart, No. 05-C-0099, 2006 U.S. Dist. LEXIS 11484, at *5 (W.D. Wis. Mar. 8, 2006) ("A further reduction is warranted for time spent by [counsel] performing purely clerical tasks, including 0.7 hours serving the defendant by certified mail, 0.4 hours for filing a proof of service and 0.4 hours filing the brief."). Accordingly, I will deduct 1.6 hours from the 15.3 hours charged by Ms. Blaz.[9]

**D.     Amount of Award After Reductions**

Plaintiff is entitled to fees on her original request as follows: law clerk Nichols (25 hours x $95 = $2375), law clerk/paralegal Blaz (13.7 hours x $95 = $1301.50) and Attorney

---

[8] Smith and Groskreutz both involved Attorney Daley's firm, and the Smith reductions pertained specifically to work performed by Ms. Blaz. The paralegal at issue in Groskreutz was not specifically identified.

[9] This represents .75 hours spent on September 22, 2005 sending forms to the client, .1 hours spent on October 27, 2005 faxing a request for an extension, and .75 hours spent on December 20, 2005 serving the summons.

10

Daley (4.4 hours in 2005 x $157.76 = $694.14 + 15.75 hours in 2006 x $158.75 = $2500.31) = $6870.95. This includes the two hours spent by Attorney Daley preparing the original EAJA motion. See Uphill v. Barnhart, 271 F. Supp. 2d 1086, 1096 (E.D. Wis. 2003) (noting that time spent preparing EAJA submissions is compensable).

Plaintiff further requests compensation for 15.65 attorney hours spent preparing the EAJA reply brief, for a total of $2484.44. As noted, time for such submissions is compensable. However, I cannot conclude that this particular request, which far exceeds similar submissions, is reasonable. See, e.g., Smith, 2006 U.S. Dist. LEXIS 61078, at *23 (awarding fees for EAJA reply based on six hours of law clerk time and two attorney hours); Groskreutz, 2005 U.S. Dist. LEXIS 4340, at *6 (finding reasonable "the amount of hours sought by plaintiff in conjunction with defending her fee request (2.4 hours)"); Nickola, 2004 U.S. Dist. LEXIS 23816, at *4-5 (awarding about $1700 for defense of EAJA petition); Lechner, 330 F. Supp. 2d at 1013 (finding reasonable 4.9 hours spent on EAJA reply); Wirth, 325 F. Supp. 2d at 918-19 (finding 5.8 hours on EAJA reply reasonable); Samuel, 316 F. Supp. 2d at 783 n.6 (awarding fees for five hours spent on 15-page EAJA reply brief addressing both substantial justification and reasonableness of amount of fee request); Henderson v. Barnhart, No. 01 C 9621, 2004 U.S. Dist. LEXIS 6924, at *10-11 (N.D. Ill. Apr. 21, 2004) (awarding fees for eight hours spent on EAJA rely); Mikesell v. Barnhart, No. IP 02-0521, 2004 U.S. Dist. LEXIS 4044, at *8 (S.D. Ind. Feb. 24, 2004) (awarding $649.00 to cover reply in support of fee petition).

The excessiveness of the request is particularly acute given that in the present case the Commissioner conceded that her position was not substantially justified and contested only the reasonableness of amount requested. Cf. Seamon, 2006 U.S. Dist. LEXIS 6945,

at *24 ("The remaining 18.9 hours spent on the reply were reasonable, insofar as plaintiff had to refute defendant's contention that her position was substantially justified and defend the reasonableness of plaintiff's fee request."). Further, counsel provides no justification for this expenditure of time, simply listing the hours in a footnote at the end of the EAJA reply. See Hensley, 461 U.S. at 437 (noting that the plaintiff bears the burden of showing that the fee request is reasonable).

Counsel did file a detailed fifteen-page EAJA reply with supporting materials, which supports an award higher than the typical case. Under all the circumstances, I find ten hours for this submission reasonable. Therefore, I will add $1587.50 to the award.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (Docket # 20) is **GRANTED in part**, as stated herein, and plaintiff is awarded fees in the amount of $8458.45 and costs in the amount of $250.00, to be paid to Attorney Frederick Daley pursuant to plaintiff's assignment.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

12